## WALTER K. MOORE and wife v. JOHN W. SOMERINDYKE.

Upon judgment being given for the defendant, in an action commenced by attachment in the Marine Court, he is entitled to an immediate return of all property taken from him by virtue of the attachment.

And his right to such return is in no way suspended or affected by the plaintiff appealing from the judgment.

In a subsequent action by the defendant in the attachment to recover from the officer the property taken by him under it, it is no defence that the property in question has not been paid for by the defendant thus claiming its return.

The admission of immaterial evidence at the trial forms no ground for a reversal of the judgment, when it can be seen that no harm resulted from its admission.

Objections stated on the argument of appeal cases, but not contained in the notice of appeal, will not be considered.

APPEAL by defendant from a judgment of the Marine Court. The facts in this case are sufficiently stated in the opinion of the court.

*Smith and Moody*, for the appellant.

*Townsend, Dyett and Raymond*, for the respondent.

INGRAHAM, FIRST JUDGE.—This action is brought to recover from the defendant goods taken by him from Walter K. Moore,

by attachment issued in an action in the Marine Court, of *Dwight Bishop* v. *Walter K. Moore*. That action was tried, and judgment rendered for the defendant. From that judgment the plaintiff appealed, and the appeal is still pending.

The grounds of appeal in this case are, *first*, that the justice erred in allowing proof of the declarations of Walter K. Moore that he had given the property to the wife.

That such testimony was improper, I have no doubt. This was a conversation after the property had been given to the wife, if it was ever so given, and was nothing more than a mere admission of one of the plaintiffs as to what he deemed necessary to make out the case in her favor. But, although improper, it was in this case immaterial. Whether the property had been given to her by him or not, he had the right to its possession. It was not separate property, within the meaning of the statutes of 1848 and 1849. They expressly excluded property given by the husband to the wife, and left such property subject to the same liabilities as existed previous to their passage. The husband had at any time a right to the possession, and the property was subject to liability to his creditors for the payment of his debts.

The *second* objection is, that the testimony offered to show that the goods in question had not been paid for was improperly excluded. For the purposes of this suit it was immaterial. The action was not between the creditor and the purchaser. Their respective rights had been adjudicated in the action of *Bishop* v. *Moore;* and whether paid for or not, that fact could form no defence in an action against the officer to recover back from him property taken by him on attachment, in an action in which it had been decided that the plaintiff was not entitled to recover.

It is said that an appeal has been taken, which is undecided. That, however, is of no avail. The court below decided against the plaintiff in that action. If the judgment should be affirmed, the plaintiff then would have no claim. If it should be reversed, the attachment proceedings can be of no avail. The plaintiff would be compelled to commence a new action, to enforce his

claim against Moore. There is no provision of law by which the goods levied on under that attachment could be held liable for the recovery in the new action.

There are difficulties attending this case, and, in its present form, if they had been made grounds of appeal, would have presented serious objections to the judgment. The wife should not have been made a plaintiff. The other plaintiff, being the party in possession when the goods were taken, had a right to bring the action, and was entitled to a return of the property, and the evidence is sufficient to sustain his title. The duty of the officer was to take the property, and keep the same to satisfy any judgment that might be recovered on the attachment. As soon as it was established that no judgment could be recovered thereon in favor of the plaintiff, the right to retain the goods ceased, and the defendant in the attachment was entitled, upon demand, to have them restored to his possession. Her name, however, can be stricken out as plaintiff, even after judgment.

It is unnecessary to notice the other objections stated by the appellant's counsel, as they are not stated as grounds of appeal by him in his notice.

Judgment affirmed.